UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **JUSTIN W. HINTON,** Defendant. | 2:19-CR-20477-TGB-APP **OPINION AND ORDER DECLARING MISTRIAL** |

On July 16, 2019, Defendant Justin Hinton was indicted for possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). See ECF No. 11. On July 27, 2022, the Court held a final pretrial conference at which the parties revealed that they were in plea negotiations that could resolve the case. The parties also recounted some of the facts of this case to set the context for certain evidentiary issues. Trial was set to begin with jury selection on August 10, 2022. A week later, the parties reported that they had been unable to reach an agreement and, therefore, would be proceeding to trial. Jury selection commenced on August 10, 2022, and a jury was sworn-in and seated shortly after 1:00 p.m.

But after the jury had been sent home and just before the courthouse closed, counsel for the government informed the Court by

1

phone call that a witness—an officer employed by the Ypsilanti Police Department—had tested positive for COVID-19 earlier that day. Complicating matters, both government attorneys and several other witnesses had been in close contact with the now-positive officer several times over the preceding days while preparing for trial.

On August 11, 2022, the jury reported to hear the case. The Court heard argument from counsel outside the presence of the jury regarding their position as to how to proceed. The government's counsel informed the Court and defense counsel that a second Ypsilanti police officer scheduled to testify as a witness had tested positive. As explained on the record, the parties had agreed to a stipulation that would have obviated the need for one of the officers to testify, but could not agree about the other officer's testimony.

Counsel for the government clarified that the witness about which the parties could not agree was important to the government's case and that it would be difficult to proceed without her. In response to the Court's questions, defense counsel stated that one of his anticipated primary defenses would be to attack the conduct of the investigation that had uncovered the gun Hinton allegedly possessed. The unavailable witness was the officer in charge of the investigation. She had also found the gun in the first instance. Accordingly, defense counsel explained, she was a critical witness and the defense would be unable to proceed without being able to cross-examine her.

2

The Court considered adjournment, but a confluence of factors rendered adjournment impracticable. First, the Court would have been unavailable from August 18 through the following week. Second, defense counsel indicated that he had client obligations in second half of August that would render him unavailable. Third, and most important, several members of the jury had previously indicated that they would be unable to serve more than a few days beyond the previously-proposed August 17 end date for the trial: one juror was moving out of state, and two others were college students obligated to return to school before the end of the month. After the Court explained these considerations, defense counsel moved for a mistrial. Counsel for the government did not oppose the motion.

Given the near certainty that neither government witness would recover from COVID-19 quickly enough to testify during the five days originally scheduled for the trial, the fact that other witnesses and both attorneys for the government were in recent close contact with the officers that had tested positive, and the impracticability of adjournment, the Court informed the parties that it would declare a mistrial.

Accordingly, for the reasons stated on the record on August 11, 2022 in open court and further explained above, it is **ORDERED** that the trial in this matter is **TERMINATED** by reason of mistrial. This matter shall be set for a new trial, which will commence on the earliest

practicable date consistent with this Court's calendar and the availability of trial dates in the Eastern District of Michigan. Finally, the time between August 11, when a mistrial was declared on the record, and the date the new trial commences is excluded for purposes of time calculation under the Speedy Trial Act.

**IT IS SO ORDERED** this 22nd day of August, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge